

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DON GILLINGS, § | |
| Petitioner, § | |
| § | Criminal Action No.: 3:17-00808-MGL-1 |
| vs. § | Civil Action No.: 3:20-01916-MGL |
| § | |
| UNITED SATES OF AMERICA, § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER GRANTING
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
AND DISMISSING WITH PREJUDICE PETITIONER'S PETITION**

**I.    INTRODUCTION**

Petitioner Don Gillings (Gillings), proceeding pro se, filed this petition to vacate his conviction and sentence under 28 U.S.C. § 2255, arguing his conviction for possessing a firearm as a convicted felon is defective in light of *Rehaif v. United* States, 139 S. Ct. 2191 (2019), and his counsel was defective.

Pending before the Court are Gillings's petition and Respondent United States of America's (Respondent) motion for summary judgment. Having carefully considered Gillings's petition, Respondent's response in opposition, Gillings's reply, Respondent's motion for summary judgment, Gillings's letter to the Court, the record, and the applicable law, it is the judgment of the Court Respondent's motion for summary judgment will be granted and Gillings's petition will be dismissed with prejudice.

## II.     FACTUAL AND PROCEDURAL HISTORY

The grand jury indicted Gillings on one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count One). Gillings pled guilty to Count One, and the Court sentenced him to 180 months imprisonment with five years of supervised release.

As is relevant here, Gillings, in a letter to the Court, indicated he has no objection to the Court granting Respondent's motion for summary judgment and denying his § 2255 petition. The Court, having been fully briefed on the relevant issues, will now adjudicate Gillings's petition and Respondent's motion.

## III.     STANDARD OF REVIEW

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Rule 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the

motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(1)(A).  A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).  Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion."  *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."  *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996).  "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts."  *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).  The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251–52.

## IV.     DISCUSSION AND ANALYSIS

The Clerk of Court, on November 15, 2021, filed a letter from Gillings that stated, in part:

> I have no objection to the Court granting [Respondent's] motion for summary judgment denying my 28 U.S.C. [§] 2255 [petition].
>
> I would like to apologize to the Court, [Respondent,] and my attorney Katherine Evatt for the extra work my [petition] cost all of you.
>
> After reading [Respondent's] response in opposition to my 2255 [petition,] I got an understanding that I did not have before, [and] for this I am truly sorry.  I just did not understand how I could get so much time for my charge[.]  I guess I was just desperate and listen[ed] to the wrong people here and embarrassed myself[.]  Again[,] please accept my apology.

3

Gillings Letter at 1.

Accordingly, based on Gillings's letter, the Court will grant Respondent's motion for summary judgment and dismiss Gillings's petition with prejudice.

In deciding a 28 U.S.C. § 2255 petition, the Court need not hold a hearing if "the [petition] and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255.  The Court has thoroughly reviewed the petition, files, and records in this case, liberally construing Gillings's pro se petition, and concludes that no hearing is necessary.

## VI.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Respondent's motion for summary judgment is **GRANTED** and Gillings's petition is **DISMISSED WITH PREJUDICE**.  Further, Gillings's motion requesting an attorney assist him in this matter is **DEEMED AS MOOT**.

To the extent Gillings requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 28th day of January 2022, in Columbia, South Carolina.

s/Mary Geiger Lewis_____
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.